UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RONALD STRANO,                      :
     Petitioner,                    :
                                    :              PRISONER
     v.                             :     Case No. 3:11cv1810(AWT)
                                    :
WARDEN,                             :
     Respondent.                    :


              **RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

     Ronald Strano is an inmate currently confined at the MacDougall Correctional Institution in Suffield, Connecticut.  He brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2000 convictions for robbery and attempted robbery.

     Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  *See id.; Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).  The district court has the discretion to raise the timeliness of a federal habeas petition *sua sponte*.  *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

     The limitations period is not a "jurisdictional bar."  *Smith*

*v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000).  Consequently, the court may equitably toll the limitations period.  *See id.*  Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently but extraordinary circumstances prevented him from timely filing his petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir.), *cert. denied sub nom. Diaz v. Conway*, 555 U.S. 870 (2008).  The threshold for establishing equitable tolling is very high.  *See Smith*, 208 F.3d at 17 (acknowledging high threshold for establishing equitable tolling).

The standard for determining whether a petitioner diligently pursued his rights is reasonable diligence.  The court must determine whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected *under the circumstances*" throughout the entire time period he seeks to have the court equitably toll.  *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).

When considering whether extraordinary circumstances are present, the court considers "how severe an obstacle it is for the prisoner endeavoring to comply with the . . . limitations period" set forth in 28 U.S.C. § 2244(d).  *Diaz*, 515 F.3d at 154.  The inquiries into extraordinary circumstances and reasonable diligence are related.  The petitioner must show "a causal

2

relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he "could have timely filed his petition notwithstanding the extraordinary circumstances." *Id.*

On August 22, 2002, in the Connecticut Superior Court for the Judicial District of Tolland, the petitioner entered a plea of *nolo contendere* to fifteen counts of robbery in the second degree, one count of attempted robbery in the second degree and sixteen counts of committing a felony with a firearm. *See State v. Strano*, 85 Conn. App. 212, 224, 855 A.2d 1028, *1036, cert denied*, 271 Conn. 946, 861 A.2d 1179 (2004). The pleas were conditioned on the petitioner's right to appeal from the court's denial of his motions to suppress. *See id.* On December 5, 2002, a judge sentenced the petitioner to a total effective sentence of forty years of imprisonment. *See id.* On September 21, 2004, the Connecticut Appellate Court affirmed the judgment of conviction. *See id.* On November 10, 2004, the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Strano*, 271 Conn. 946, 861 A.2d 1179 (2004).

The petitioner's conviction became final and the limitations period began to run on February 9, 2005, at the conclusion of the

3

ninety-day period of time within which petitioner could have filed a petition for certiorari at the United States Supreme Court.  *See Williams*, 237 F.3d at 151 (holding in case where petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition), *cert. denied*, 534 U.S. 924 (2001).  The statute of limitations was tolled during the pendency of a state habeas petition filed by the petitioner in December 2004 in the Connecticut Superior Court for the Judicial District of Tolland challenging his 2002 convictions.

On March 5, 2008, after an evidentiary hearing, a Superior Court Judge issued a decision denying the petition for writ of habeas corpus.  *See Strano v. Warden*, No. CV044000230, 2008 WL 803419 (Conn. Super. Ct. Mar. 5, 2008).  On November 17, 2009, the Connecticut Appellate Court dismissed the appeal in a *per curiam* opinion.  *See Strano v. Commissioner of Correction* 118 Conn. App. 901, 982 A.2d 658 (2009).  On December 17, 2009, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court.  *See Strano v. Commissioner of Correction*, 294 Conn. 923, 984 A.2d 1083 (2009).

The petitioner did not file a petition for certiorari to the United States Supreme Court.  Thus, the statute of limitations began to run on December 18, 2009, the day after the Connecticut Supreme Court denied the petition for certification to appeal the

denial of the state habeas petition.  *See Lawrence v. Florida*, 549 U.S. 327, 329, 334 (2007) (habeas petition is not "pending" for purposes of 28 U.S.C. § 2244(d)(2) when state courts have entered a final judgment but a petition for certiorari has been filed in U.S. Supreme Court); *Smaldone v. Senkowski*, 273 F.3d 133, 137-38 (2d Cir. 2001) ("ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition" is excluded from tolling under 28 U.S.C. 2244(d)(2)).  The limitations period expired a year later on December 17, 2010.

The present petition is dated August 22, 2011.  The court deems the petition for writ of habeas corpus to have been filed in this court on August 22, 2011, the date the petitioner presumably handed his petition to prison officials for mailing to the Clerk.  *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).  Thus, the petition was filed more than eight months after the limitations period expired.

On October 31, 2012, the court ordered the petitioner to show cause why the habeas petition should not be dismissed as barred by the one-year statute of limitations.  On November 27, 2012, the petitioner filed a response to the court's order.

The petitioner asserts that he is entitled to equitable tolling of the statute of limitations. He states that the State of Connecticut Department of Correction does not have law libraries in its prison facilities. Instead, the Department relies on the Office of the Public Defender to provide legal assistance to inmates who are appealing their convictions or collaterally attacking their convictions via petitions for writ of habeas corpus. He claims that the public defender who represented him in his state habeas petition would not advise him regarding the filing of a federal habeas petition. The petitioner contends that these facts warrant tolling of the limitations period.

Ignorance of the law does not constitute an extraordinary circumstance to excuse the untimely filing of a federal habeas petition. The Court of Appeals for the Second Circuit and district courts within this circuit are consistent in holding that neither a petitioner's *pro se* status, nor his unfamiliarity with the law, nor his lack of access to legal materials/assistance constitute an extraordinary circumstance that provides a basis to toll the statute of limitations. *See, e.g., Smith*, 208 F.3d at 18 (pro se status does not merit equitable tolling); *Diaz*, 515 F.3d at 154 (prison officials' failure to provide habeas information in the prisoners' language did not constitute extraordinary circumstance warranting equitable tolling because prisoners made no efforts to contact

6

anyone inside or outside prison to assist them, in their language, in learning legal requirements for filing federal petition); *Adkins v. Warden*, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) (solitary confinement, lack of physical access to a law library, unfamiliarity with the law and legal rights and limited high school education did not constitute extraordinary circumstances sufficient to warrant tolling of limitations period), *aff'd*, 534 Fed. Appx. 564 (2d Cir. 2009), *cert. denied sub nom.* Adkins v. Semple, ___ U.S.___, 131 S. Ct. 262 (2010); *Walker v. McLaughlin*, No. 04-cv-6172(VEB), 2008 WL 941719, at *5 (W.D.N.Y. Apr. 4, 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable tolling); *Martinez v. Kuhlmann*, No. 99 Civ. 1094(MBM)(AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999)("[D]ifficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners."). Thus, the fact that the Department of Correction may not have provided the petitioner with access to a law library to research in connection with filing a federal habeas petition does not constitute an extraordinary circumstance warranting tolling of the limitations period.

The petitioner indicates that the Connecticut Appellate

Court appointed Attorney Matthew J. Collins as a special public defender to represent him on the appeal of the denial of his state habeas petition.  (*See* Pet. Writ Habeas Corpus, Doc. No. 1-2 at 79.)  Special Public Defender Collins represented the petitioner on appeal to both the Connecticut Appellate and Supreme Courts.

On November 17, 2009, the Connecticut Appellate Court dismissed the appeal of the denial of the state habeas petition in a *per curiam* opinion.  *See Strano*, 118 Conn. App. 901, 982 A.2d 658.  On December 17, 2009, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court.  *See Strano*, 294 Conn. 923, 984 A.2d 1083.

In a December 27, 2009 letter addressed to the petitioner at MacDougall Correctional Institution, Attorney Collins informed the petitioner that the Connecticut Supreme Court had denied the petition for certification to appeal the decision of the Connecticut Appellate Court.  (*See* Pet. Writ Habeas Corpus, Doc. No. 1 at 70.)  On February 15, 2010, Attorney Collins informed the petitioner by letter that there was nothing further that he could do for him.  He indicated that the petitioner might have recourse in federal court, but could not advise him with regard to that possibility.  (*See id.* at Doc. No. 1-2 at 77.)

On February 20, 2010, the petitioner sent Attorney Collins a letter indicating that he understood that he could no longer assist him, but was also confused as to whether he was still his

attorney. (*See* Response Or. Show Cause, Doc. No. 5 at 11.) On March 10, 2010, Attorney Collins responded that he had appealed his habeas petition to the highest state court and that the court had ruled against him. He reiterated that there was nothing more that he could do for the petitioner. (*See* Pet. Writ Habeas Corpus, Doc. No. 1-2 at 78.)

The Court of Appeals for the Second Circuit has recognized that in most circumstances, attorney errors, such as those related to the calculation of the time remaining to file a federal petition, do not "constitute extraordinary circumstances required to toll the limitations period" under 28 U.S.C. 2244(d)(1). *Baldayaque*, 338 F.3d at 152. The Supreme Court has held that "a garden variety claim of excusable neglect," such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2564 (2010) (internal citations and quotation marks omitted).

If, however, an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, equitable tolling may be appropriate. *See Holland*, 130 S. Ct. at 2564-65 (extraordinary circumstances likely existed warranting equitable tolling where appointed counsel failed to respond to several letters in which petitioner repeatedly requested information about the status of his case and insisted that counsel file his federal habeas petition on time); *Dillon v. Conway*, 642 F.3d 358,

9

363-64 (2d Cir. 2011) (per curiam)(retained attorney's admission that he repeatedly, affirmatively and knowingly misled petitioner that he would file federal petition in timely manner constituted extraordinary circumstances that warranted equitable tolling of limitations period); *Nickels v. Conway*, 480 Fed. Appx. 54, 56-57, 2012 WL 1592929, at **1-2 (2d Cir. May 8, 2012) (same); *Baldayaque*, 338 F.3d at 152-53 (extraordinary circumstances existed to justify equitable tolling where attorney retained by petitioner to file section 2255 motion failed to perform essential services of communicating with client and basic legal research and affirmatively and inaccurately represented to petitioner that it was too late to file federal petition).  Such outrageous and incompetent conduct is not present in this case.

    The petitioner does not contend that Attorney Collins had been appointed to represent him for the purpose of filing a federal habeas petition or that he had taken any steps to retain him to file a federal habeas petition.  Furthermore, Attorney Collins did not indicate that he would file such a petition.  Nor did Attorney Collins offer inaccurate advice regarding any filing requirements associated with federal habeas petitions.

    The petitioner also appears to contend that it is the policy of the Office of the Public Defender of the State of Connecticut not to assist inmates with the filing of federal habeas petitions.  The petitioner provides no support for this contention.

The fact that the petitioner's state public defender may have been precluded from representing or assisting him in connection with the filing of a federal habeas petition pursuant to a policy of the Connecticut Public Defender's Office does not constitute an impediment to his filing a federal habeas petition. The petitioner attached a page from a MacDougall Correctional Institution Handbook that indicated that the University of Connecticut and Yale Legal Services Clinics provided legal assistance to inmates in filing habeas petitions.  The petitioner does not indicate that he made any attempt to contact either organization seeking assistance in filing a federal habeas petition.  Furthermore, he does not indicate that he attempted to retain a private attorney or contact the Federal Public Defender's Office to assist him pursuing a habeas petition in federal court.  The court notes that the petitioner's brother retained an attorney to represent the petitioner in his underlying state criminal case.  (*See* Pet. Writ Habeas Corpus, Doc. No. 1 at 80-81.)  Thus, the court concludes that the petitioner has not demonstrated that extraordinary circumstances prevented him from filing or impeded his ability to file a federal habeas petition in a timely manner.

Even if the court were to find that extraordinary circumstances existed, the limitations period could not be tolled because the petitioner has failed to demonstrate that he acted diligently or that there was a causal relationship between the

extraordinary circumstances and the lateness of his filing of the federal petition.  *See Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) ("If the petitioner is unable to establish that he diligently attempted to file his [federal] petition, the extraordinary circumstances on which his tolling claim is based cannot be said to have caused the lateness of his petition."), *cert. denied*, 546 U.S. 961 (2005).  The petitioner does not allege that he took any further action in attempting to discover the rules and statutes governing the filing of federal habeas petitions or that he made any attempt to file a federal habeas petition within the statute of limitations period.  Nor does he allege that anything or anyone prevented him from filing a habeas petition in this court prior to the expiration of the one-year limitations period.  As of March 2010, more than nine months remained of the statutory period.  The petitioner does not allege that he exercised due diligence during the time period between the receipt of the March 10, 2010 letter from Attorney Collins, indicating that he could not provide assistance with a federal petition, and the expiration of the limitations period on December 17, 2010.

The court concludes that the petitioner has not demonstrated that extraordinary circumstances prevented him from filing this action within the one-year limitations period or that he exercised due diligence during the time period that he seeks to have the court toll.  Thus, he is not entitled to equitable

tolling of the statute of limitations beyond the one-year time period.  Accordingly, the petition is being dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

## Conclusion

The Petition for Writ of Habeas Corpus [**Doc. No. 1**] is hereby **DISMISSED** as barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The court concludes that jurists of reason would not find it debatable that petitioner failed to timely file this petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

It is so ordered.

Dated at Hartford, Connecticut on this 30th day of January, 2014.

                                    /s/AWT
                              Alvin W. Thompson
                           United States District Judge